UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARYANNE V.,[1]

                                                        Plaintiff,         Case # 20-CV-412-FPG

v.                                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant.
_____

## INTRODUCTION

Plaintiff MaryAnne V. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 16. For the reasons that follow, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

## BACKGROUND

In July 2016, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 163. She alleged disability since February 2016 due to chronic obstructive pulmonary disease ("COPD"), diabetes, high blood pressure, high cholesterol, and back and lung problems. Tr. 163-64. In December 2018, Administrative Law Judge Timothy M. McGuan ("the ALJ") issued a

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 13.

1

decision finding that Plaintiff is not disabled. Tr. 130-37. In February 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.   Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination

of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

**DISCUSSION**

## I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 2016, her application date. Tr. 132. At step two, the ALJ found that Plaintiff had severe impairments of lumbar spinal stenosis, spondylolisthesis, COPD, rhinitis, and chronic bronchitis. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 133.

Next, the ALJ determined that Plaintiff had the RFC to perform light work with additional limitations. *Id.* At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 135. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 135-36. The ALJ therefore found that Plaintiff was not disabled. Tr. 136-37.

## II. Analysis

Plaintiff argues that remand is warranted because, among other things, the ALJ included a sit/stand option in the RFC that is not supported by the evidence. ECF No. 17 at 3-4; *see also* ECF No. 14-1 at 16. Because the Court agrees, it need not address Plaintiff's other arguments.

Specific limitations included in an RFC, like the RFC as a whole, "must be based on evidence in the record, not on an ALJ's own surmise." *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020). Thus, where an ALJ includes a highly specific durational limitation, he must have an evidentiary basis for the chosen duration. A medical opinion, a claimant's testimony, or information contained in the medical records can oftentimes be sufficient to support a given duration. Furthermore, an ALJ is not limited to adopting

only those durational limitations explicitly identified in the record: he is free to partially credit, or otherwise make reasonable inferences from, the evidence to determine a claimant's functional capacities and limitations. *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *4 (W.D.N.Y. Apr. 4, 2019) ("[W]hen the record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation."); *see, e.g.*, *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) (summary order) (evidence supported the ALJ's finding that claimant could perform light work at "no more than 10% slower than average [pace]," notwithstanding that no evidence identified a "particular percentage range"); *Barone v. Comm'r of Soc. Sec.*, No. 19-CV-482, 2020 WL 3989350, at *5 (W.D.N.Y. July 15, 2020) (collecting cases); *cf. Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (noting that an ALJ's conclusions need not "perfectly correspond with any of the [medical] opinions"). Unless "a reasonable factfinder would *have to conclude otherwise*," the district court must defer to the ALJ's factfinding. *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order).

Conversely, however, the Court's deferential review does not give an ALJ the license to arbitrarily craft functional limitations, *Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014) (summary order) (where some evidence showed "total loss of function" to claimant's hand and other evidence showed no loss, the ALJ could not split the difference and conclude that claimant had "fifty percent capacity"), translate raw medical data into functional terms, *McKee v. Comm'r of Soc. Sec.*, No. 18-CV-1013, 2020 WL 1283884, at *4 (W.D.N.Y. May 18, 2020), or unreasonably draw highly specific inferences from the nonspecific evidence. *See, e.g.*, *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (ALJ erroneously inferred from examiner's report—which stated that claimant would require "regular comfort breaks"—that

5

claimant would need to "take a six-minute break every hour"). Moreover, an ALJ's reasoning must always be "sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020). While an ALJ's analysis need not be fully explicit in every detail, a reviewing court must be able to "glean the ALJ's rationale from the record." *Dyana G. v. Comm'r of Soc. Sec.*, No. 19-CV-805, 2021 WL 465249, at *3 (W.D.N.Y. Feb. 9, 2021). Accordingly, with respect to a specific durational limitation, the ALJ must tether the limitation to competent evidence and must provide a sufficient explanation to ensure "meaningful judicial review." *Moss*, 2020 WL 896561, at *3.

In this case, the ALJ did not provide, and the Court cannot discern, a tether between the record evidence and his finding that Plaintiff could perform the rigors of light work so long as she had the option of sitting after standing for 45 minutes. Tr. 133, 157. At the hearing, Plaintiff testified that she could stand for five to ten minutes. Tr. 153. The consultative examiner, John Schwab, D.O., found no limitations with respect to Plaintiff's ability to sit or stand. Tr. 595. Plaintiff's treating Physician's Assistant, Mary Remollino, opined that Plaintiff could only stand between one and two hours per day. Tr. 626. None of this evidence directly supports the ALJ's sit/stand option. And although the decision summarizes Plaintiff's treatment records, the ALJ does not discuss any evidence that correlates to the specific durations he included with the sit/stand option. *See* Tr. 133-35. Indeed, neither does the Commissioner on appeal. *See* ECF No. 16-1 at 15-17.

The absence of a discernible rationale prevents the Court from conducting a meaningful review and justifies remand, as it raises the specter that the ALJ arbitrarily selected the specified duration or "interpreted the medical evidence based on [his] own lay judgment—both of which

6

constitute error." *McGirr v. Comm'r of Soc. Sec.*, No. 19-CV-1004, 2020 WL 3467416, at *2 (W.D.N.Y. 2020). Remand for further proceedings is therefore warranted.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 12, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York